**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   ISEDRO S. MONTANO,                    )    No. C 11-04524 EJD (PR)
                                           )
12                Plaintiff,               )    ORDER OF DISMISSAL WITH
                                           )    LEAVE TO AMEND
13        vs.                              )
                                           )
14                                         )
     SALINAS VALLEY MEDICAL, et            )
15   al.,                                  )
                                           )
16                Defendants.              )
                                           )
     _____  )
17

18        On September 12, 2011, Plaintiff filed a civil rights action under 42 U.S.C. §

19   1983, against Salinas Valley Medical and prison medical officials.  Plaintiff's

20   motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a

21   separate order.

22

23                              **DISCUSSION**

24   **A.      Standard of Review**

25        A federal court must conduct a preliminary screening in any case in which a

26   prisoner seeks redress from a governmental entity or officer or employee of a

27   governmental entity.  See 28 U.S.C. § 1915A(a).  In its review, the court must

28   identify any cognizable claims and dismiss any claims that are frivolous, malicious,

     Order of Dismissal with Leave to Amend
     G:\PRO-SE\SJ.EJD\CR.11\04524Montano_dwlta.wpd

United States District Court

For the Northern District of California

1    fail to state a claim upon which relief may be granted or seek monetary relief from a

2    defendant who is immune from such relief.  See id. § 1915A(b)(1),(2).  Pro se

3    pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police

4    Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

5         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

6    elements: (1) that a right secured by the Constitution or laws of the United States

7    was violated, and (2) that the alleged violation was committed by a person acting

8    under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

9    **B.    Plaintiff's Claims**

10        Plaintiff claims that after he hurt his back in 2007, it took "several months to

11   find out" that he has a back problem.  He had surgery in November 2008, after

12   which he began to experience severe back pain. Plaintiff was put on medication until

13   further diagnosis could be made.  He received three "epidural [*sic*] steroid

14   injection[s]," the last of which "brought all the pain back."  Plaintiff alleges that he

15   was put on medication "then taken off, and back and forth" without, apparently,

16   much success in alleviating his pain.  Plaintiff claims that he was due to see pain

17   management at the end of 2009, but he is "still in severe pain and waiting still."

18   Plaintiff asserts "deliberate indifference."  (Compl. at 3.)

19        Deliberate indifference to serious medical needs violates the Eighth

20   Amendment's proscription against cruel and unusual punishment.  See Estelle v.

21   Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th

22   Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d

23   1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir.

24   1986).  A determination of "deliberate indifference" involves an examination of two

25   elements: the seriousness of the prisoner's medical need and the nature of the

26   defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  Accordingly,

27   Plaintiff's allegations with respect to deficient care for his back pain may be

28   cognizable as an Eighth Amendment claim.  However, this claim is nevertheless

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.EJD\CR.11\04524Montano_dwlta.wpd          2

United States District Court

For the Northern District of California

1   deficient because Plaintiff fails to show how each  individual Defendant's response

2   to that need was inadequate.  In fact, Plaintiff makes no specific allegations with

3   respect to the actions of named Defendants Salinas Valley Medical, Bright and J.

4   Walker to show that each is liable for the deprivation of Plaintiff's constitutional

5   rights.

6       Liability may be imposed on an individual defendant under 42 U.S.C. § 1983

7   if the plaintiff can show that the defendant proximately caused the deprivation of a

8   federally protected right.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988);

9   Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives

10  another of a constitutional right within the meaning of section 1983 if he does an

11  affirmative act, participates in another's affirmative act or omits to perform an act

12  which he is legally required to do, that causes the deprivation of which the plaintiff

13  complains.  See Leer, 844 F.2d at 633.  The inquiry into causation must be

14  individualized and focus on the duties and responsibilities of each individual

15  defendant whose acts or omissions are alleged to have caused a constitutional

16  deprivation.  See Leer, 844 F.2d at 633 (citations omitted).  Plaintiff must "set forth

17  specific facts as to each individual defendant's" actions which violated his rights.

18  Leer, 844 F.2d at 634.  At the pleading stage, "[a] plaintiff must allege facts, not

19  simply conclusions, that show that an individual was personally involved in the

20  deprivation of his civil rights."  Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

21  1998).  Accordingly, this claim is DISMISSED with leave to amend.

22

23                          **CONCLUSION**

24      For the foregoing reasons, the complaint is DISMISSED with leave to amend.

25  Within **thirty (30) days** of the date this order is filed, Plaintiff shall file an amended

26  complaint.  The amended complaint must include the caption and civil case number

27  used in this order and the words "AMENDED COMPLAINT" on the first page and

28  write in the case number for this action, Case No. C 11-04524 EJD (PR).  If using

1    the court form complaint, plaintiff must answer all the questions on the form in order

2    for the action to proceed.

3         **Failure to respond in accordance with this order by filing an amended**

4    **complaint will result in the dismissal of this action without prejudice and**

5    **without further notice to Plaintiff.**

6         The Clerk shall include two copies of the court's complaint with a copy of

7    this order to plaintiff.

8

9    DATED:  2/10/2012                        

10                                            EDWARD J. DAVILA
                                             United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


ISEDRO S. MONTANO,

           Plaintiff,

  v.

SALINAS VALLEY MEDICAL, et al.,

           Defendants.

_____/

Case Number: CV11-04524 EJD

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/15/2012_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Isedro S. Montano K 71942
Salinas Valley State Prison
P. O. 1050
Salinas, CA 93960


Dated: _____2/15/2012_____

                    Richard W. Wieking, Clerk
              /s/ By: Elizabeth Garcia, Deputy Clerk