IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISEDRO S. MONTANO,<br><br>            Plaintiff,<br><br>    vs.<br><br>SALINAS VALLEY MEDICAL, et al.,<br><br>            Defendants. | No. C 11-04524 EJD (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

On September 12, 2011, Plaintiff filed a civil rights action under 42 U.S.C. § 1983, against Salinas Valley Medical and prison medical officials. Plaintiff's motion for leave to proceed in forma pauperis, (Docket No. 2), will be granted in a separate order.

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious,

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.EJD\CR.11\04524Montano_dwlta.wpd

fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims that after he hurt his back in 2007, it took "several months to find out" that he has a back problem. He had surgery in November 2008, after which he began to experience severe back pain. Plaintiff was put on medication until further diagnosis could be made. He received three "epidural [*sic*] steroid injection[s]," the last of which "brought all the pain back." Plaintiff alleges that he was put on medication "then taken off, and back and forth" without, apparently, much success in alleviating his pain. Plaintiff claims that he was due to see pain management at the end of 2009, but he is "still in severe pain and waiting still." Plaintiff asserts "deliberate indifference." (Compl. at 3.)

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. See McGuckin, 974 F.2d at 1059. Accordingly, Plaintiff's allegations with respect to deficient care for his back pain may be cognizable as an Eighth Amendment claim. However, this claim is nevertheless

1  deficient because Plaintiff fails to show how each individual Defendant's response
2  to that need was inadequate. In fact, Plaintiff makes no specific allegations with
3  respect to the actions of named Defendants Salinas Valley Medical, Bright and J.
4  Walker to show that each is liable for the deprivation of Plaintiff's constitutional
5  rights.

6        Liability may be imposed on an individual defendant under 42 U.S.C. § 1983
7  if the plaintiff can show that the defendant proximately caused the deprivation of a
8  federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988);
9  Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives
10 another of a constitutional right within the meaning of section 1983 if he does an
11 affirmative act, participates in another's affirmative act or omits to perform an act
12 which he is legally required to do, that causes the deprivation of which the plaintiff
13 complains. See Leer, 844 F.2d at 633. The inquiry into causation must be
14 individualized and focus on the duties and responsibilities of each individual
15 defendant whose acts or omissions are alleged to have caused a constitutional
16 deprivation. See Leer, 844 F.2d at 633 (citations omitted). Plaintiff must "set forth
17 specific facts as to each individual defendant's" actions which violated his rights.
18 Leer, 844 F.2d at 634. At the pleading stage, "[a] plaintiff must allege facts, not
19 simply conclusions, that show that an individual was personally involved in the
20 deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.
21 1998). Accordingly, this claim is DISMISSED with leave to amend.

## CONCLUSION

24       For the foregoing reasons, the complaint is DISMISSED with leave to amend.
25 Within **thirty (30) days** of the date this order is filed, Plaintiff shall file an amended
26 complaint. The amended complaint must include the caption and civil case number
27 used in this order and the words "AMENDED COMPLAINT" on the first page and
28 write in the case number for this action, Case No. C 11-04524 EJD (PR). If using

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.EJD\CR.11\04524Montano_dwlta.wpd     3

1  the court form complaint, plaintiff must answer all the questions on the form in order
2  for the action to proceed.
3      **Failure to respond in accordance with this order by filing an amended**
4  **complaint will result in the dismissal of this action without prejudice and**
5  **without further notice to Plaintiff.**
6      The Clerk shall include two copies of the court's complaint with a copy of
7  this order to plaintiff.

DATED: 2/10/2012



EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ISEDRO S. MONTANO,

        Plaintiff,

  v.

SALINAS VALLEY MEDICAL, et al.,

        Defendants.

Case Number: CV11-04524 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/15/2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Isedro S. Montano K 71942
Salinas Valley State Prison
P. O. 1050
Salinas, CA 93960

Dated: 2/15/2012

        Richard W. Wieking, Clerk
        /s/ By: Elizabeth Garcia, Deputy Clerk